IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNETTE M. MARTZ, | |
| Plaintiff, | CIVIL ACTION NO. 3:05-CV-2147 |
| v. | |
| MICHAEL J. ASTRUE, | (JUDGE CAPUTO) |
| Commissioner of Social Security | (MAGISTRATE JUDGE BLEWITT) |
| Defendant. | |

## **MEMORANDUM**

Presently before the Court are Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 20) and Plaintiff Annette M. Martz's Objections to the Magistrate Judge's Report and Recommendation (Doc. 21). The Magistrate Judge recommended that the Court deny Plaintiff's appeal of the Commissioner's decision. For the reasons set forth below, the Court will adopt the Magistrate Judge's Report and Recommendation and overrule Plaintiff's Objections. Accordingly, Plaintiff's appeal will be denied.

## **BACKGROUND**

Plaintiff Annette M. Martz was ten (10) years old and in fourth grade at the time of her April 24, 2006 hearing before the Administrative Law Judge (ALJ). (Report & Recommendation, Doc. 20, at 5.) Through her mother, Plaintiff filed an application for child's Supplemental Security Income (SSI) on November 10, 2003, alleging she is disabled by a learning disorder and seizure disorder. Her application was denied initially, and denied again after a June 2005 hearing before an ALJ. After the Appeals Council denied Plaintiff's request for review, she sought judicial review pursuant to 42 U.S.C. §

405(g), but the case was remanded because the tape from the hearing was inaudible. After a second hearing in April 2006, the ALJ again denied Plaintiff's claim and the Appeals Council again denied her request for review, making the ALJ's decision the final decision of the Commissioner of Social Security.  Plaintiff again sought review before the Magistrate Judge, who issued a Report and Recommendation (Doc. 20), recommending that Plaintiff's Complaint be denied.  Plaintiff filed objections to the Report and Recommendation, which have been fully briefed and are ripe for disposition.

## STANDARDS OF REVIEW

### I. Review of Magistrate Judge's Report and Recommendation

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at

7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## II. Review of Commissioner's Findings

The Commissioner's factual findings must be deemed conclusive unless the reviewing court finds they are not supported by substantial evidence. *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Substantial evidence is "more than a mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence is less than a large or considerable amount of evidence; it only requires enough relevant evidence that a reasonable mind might accept it as adequate to support a conclusion. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999). Evidence is not substantial if it is overwhelmed by other evidence. *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983).

## III. Defining "Disability" for Purposes of SSI Eligibility

A child under the age of eighteen (18) is considered disabled for purposes of SSI eligibility if that child "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). A three (3) step test determines whether a child is disabled. First, Plaintiff must not be engaged in substantial gainful activity. Second, Plaintiff must have a physical or mental impairment that is severe.

3

Third, the prong on which Plaintiff Martz's claim failed, the child's impairment must meet, medically equal, or functionally equal, the "listings," which are descriptions of "impairments that cause marked and severe functional limitations." 20 C.F.R. §§ 416.924(a), 416.925(a).  For a child's impairment to "functionally equal" a listing, it must be "of listing-level severity," meaning "it must result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." 20 C.F.R. § 416.926a(a).  The six "domains" of functioning to be considered are: (1) acquiring and using information; (2) attending to and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) ability to care for oneself; and (6) health and physical well-being.  20 C.F.R. § 416.926a(b)(1).

An impairment has a "marked" limitation in a domain if it "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2).  An impairment causes an "extreme" limitation in a domain if it "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities," but it need not mean "a total lack or loss of ability to function." 20 C.F.R. § 416.926a(e)(3).

## DISCUSSION

In the instant matter, Plaintiff objects to the Magistrate Judge's recommendation that the Court deny Plaintiff's appeal because, she asserts, the Magistrate Judge erred in (1) failing to find Plaintiff has an extreme limitation in acquiring and using information; (2) failing to find at least a marked limitation in attending to and completing tasks; (3) finding

4

that Plaintiff did not otherwise meet or equal any listing; (4) failing to explain why the teacher evaluation was not accepted or rejected; (5) finding that Plaintiff's minor improvement in one area of functioning in acquiring and using information precluded finding an extreme limitation in that domain; and (6) failing to find that Plaintiff and her mother were fully credible.  (Pl.'s Objections, Doc. 21.)

**I. Extreme Limitation in Acquiring and Using Information**

In support of his conclusion that Plaintiff suffers from a marked, but not an extreme, limitation in acquiring and using information, the ALJ noted that the Plaintiff "has a verbal IQ of 75, a performance IQ of 72 and a full scale IQ of 71, which is in the borderline range;" that she divides her time in school evenly between special education and regular education classes; and that she "requires some accommodations, repetitive directions and extra support, but she is able to learn."  (Hearing Decision, May 15, 2006, at 6, R. at 184; *see also* Tr. at 9, R. at 196.)  The evidence before the ALJ also showed that Plaintiff can read and complete her homework, with prompting; has no difficulty reading books below grade level but difficulty reading those at grade level; and receives grades averaging eighty percent (80%) when work is adapted to her level and about sixty percent (60%) when work is not adjusted to her level.  (Doc. 20, at 11-12.)  The Childhood Disability Evaluation of Dr. Henry Weeks, who reviewed the record, concluded that Plaintiff had a "marked" impairment in the domain of acquiring and using information. (*Id.* at 12; R. at 169.)  Also, Teacher Questionnaires of Plaintiff's special education teacher, Ginger Beegle, showed that Ms. Beegle had seen Plaintiff improve from having a "serious" problem learning new material (the fourth most serious category in a scale of

five) to the less serious classification of an "obvious" problem learning new material (third most serious on the scale).  (*See* R. at 90, 111.)  The foregoing is substantial evidence to support the ALJ's finding.

**II. Marked Limitation in Attending to and Completing Tasks**

Plaintiff challenges the ALJ's determination that she does not suffer a marked limitation in attending to and completing tasks; however, there was substantial evidence in the record to support this conclusion.  There was evidence in the record before the ALJ that Plaintiff helps with chores at home, keeping her room clean "very well," according to her mother.  (R. at 106.)  Dr. Weeks also found "less than marked" limitation in attending and completing tasks.  (R. at 169.)  And Ms. Beegle noted that Plaintiff needs extended time and support for completing her assignments, but has only a slight problem focusing long enough to finish an assigned activity or task and only a slight problem working at a reasonable pace and finishing on time. (R. at 112).)  Ms. Beegle noted further that Plaintiff has no problem paying attention when spoken to directly or refocusing to task when necessary.  (*Id.*)  In all categories of functions within this domain, Ms. Beegle reported that Plaintiff's impairments, when they existed, were less than "serious."  There is, therefore, substantial evidence to support the ALJ's conclusion that Plaintiff does not suffer from a "marked" impairment in attending and completing tasks.

**III. There is Substantial Evidence that Plaintiff's Impairments Do Not Meet or Equal Any Listing**

Plaintiff claims that the Magistrate Judge erred in finding that Plaintiff's impairments did not meet or equal any listing in any way other than those discussed above.  Regarding Plaintiff's seizure disorder, for which she at one time took medicine, the ALJ found that it did not satisfy the listings for either "Major Motor Seizure Disorder" or "Nonconvulsive Epilepsy," because Plaintiff's IQ was too high and the frequency of her seizures too low – Plaintiff's mother testified that she was no longer taking the medicine and had not had any seizures recently (R. at 201-02) – to qualify as a disability under the listings.

Regarding Plaintiff's learning disorder, the ALJ found it did not rise to the level of severity to equal the listing for "Mental Retardation," as her IQ was too high.  (Hearing Decision, at 4.)  And as the Magistrate Judge pointed out, Plaintiff's argument that her impairments meet the listing for "Autistic Disorder and Other Pervasive Developmental Disorders" also fails because that listing requires "medically documented findings" that are absent in this case.  Plaintiff also argues that her learning disorder should have been evaluated under the listing for "Organic Mental Disorders,"  (Pl.'s Br. in Supp., Doc. 22, at 1-2), which requires "marked impairment" in two (2) of the following four (4) areas: (a) age-appropriate cognitive/communicative function, (b) age-appropriate social functioning, (c) age-appropriate personal functioning, which refers to care for oneself, and (d) maintaining concentration, persistence, or pace.  20 C.F.R. Pt. 4, Subpt. P, App. 1 § 112.00(C).  The presence of this and other mental disorders "must be documented on the

basis of reports from acceptable sources of medical evidence," *id.* § 112.00(B)&(D), which was not before the ALJ. And, there is substantial evidence that Plaintiff does not meet at least three of the four requirements. First, as noted above, there is substantial evidence that Plaintiff is not impaired in either social or personal functioning. Additionally, the intent of the fourth requirement, "deficiencies of concentration, persistence, or pace, resulting in failure to complete tasks in a timely manner, is to identify the child who cannot adequately function in primary school because of a mental impairment." *Id.* § 112.00(D). The conclusion, discussed above, that Plaintiff does not have a marked impairment in attending to and completing tasks, and the fact that she does function in primary school, splitting her time evenly between regular and special education classes, are substantial evidence that Plaintiff does not satisfy the fourth requirement for Organic Mental Disorder. There is therefore substantial evidence in the record to support the ALJ's conclusion that Plaintiff's impairments do not equal, medically equal, or functionally equal any listing qualifying her as disabled.

**IV. Plaintiff's Other Objections**

Plaintiff objects that too little weight was given to Ms. Beegle's Teacher Questionnaires, but the ALJ and Magistrate Judge both considered and cited to those questionnaires and found that they in fact supported the conclusion that Plaintiff is not disabled. Plaintiff objects as well that too much significance was placed on Ms. Beegle's finding of a minor improvement in Plaintiff's ability to learn new material. I find that this piece of evidence was one among many considered by the decisionmakers below, and it was not given inappropriate weight. Finally, Plaintiff objects to the ALJ's finding that in

light of all the evidence in the record, "the statements concerning the intensity, duration and limiting effect of the claimant's symptoms are not entirely credible." (R. at 183.) Magistrate Judge Blewitt noted that an "ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference" and found "a significant basis" to support the ALJ's determination regarding credibility. (Doc. 20, at 17, 20.) There are some disparities in the record regarding the extent of Plaintiff's limitations, particularly in paying attention and completing tasks, to support such a determination. (*Compare, e.g.,* R. at 82, 86, 107 *with* R. at 202-03.)   Overall, I find that the ALJ's substantive conclusions were not based on an inappropriate assignment of weight or credibility to any source, and were based on substantial evidence in the record.

## CONCLUSION

After careful consideration, the Court will adopt the Magistrate Judge's Report and Recommendation (Doc. 20). Therefore, Plaintiff's appeal of the Commissioner's decision will be denied.

An appropriate Order follows.

| | |
|---|---|
| January 10, 2008 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNETTE M. MARTZ, | |
| Plaintiff, | CIVIL ACTION NO. 3:05-CV-2507 |
| v. | (JUDGE CAPUTO) |
| MICHAEL J. ASTRUE, Commissioner of Social Security | (MAGISTRATE JUDGE BLEWITT) |
| Defendant. | |

## **ORDER**

**NOW**, this  10th  day of January, 2008, upon review of Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 20), **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. 21) are **OVERRULED**.

(2) The Report and Recommendation (Doc. 20) is **ADOPTED**.

(3) Plaintiff's appeal of the Commissioner's decision is **DENIED**.

(4) The Clerk of the Court shall mark this case as **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge